**SO ORDERED** with modifications.

Dated: October 1, 2025
New York, New York

*/s/ Lorna G. Schofield*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

PROSKAUER ROSE LLP
Patrick J. Lamparello
Abigail S. Rosenblum
Eleven Times Square
New York, New York
(212) 969-3000
plamparello@proskauer.com
arosenblum@proskauer.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOFFREY ADAMSON,<br><br>          Plaintiff,<br><br>v.<br><br>EMIGRANT SAVINGS BANK,<br><br>          Defendant. | 1:24-cv-6524-LGS<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER** |

      The Parties herein, through their undersigned counsel, HEREBY STIPULATE to the following and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court:

      1.     Any person or entity subject to this Confidentiality Order—including, without limitation, the Parties, their representatives, agents, experts, consultants, all third parties providing discovery in the above-captioned action (the "Action"), and all other interested persons with actual or constructive notice of this Confidentiality Order—shall adhere to the terms of this Confidentiality Order.

      2.     The terms and conditions of this Confidentiality Order shall be applicable to and shall govern all information, regardless of medium or format, and all documents and all tangible things produced in response to any discovery request or subpoena in this Action, including

1

without limitation all responses to requests for production, documents and other tangible things produced to a Party, answers to interrogatories, deposition testimony, and all other discovery taken or provided pursuant to the Federal Rules of Civil Procedure ("Discovery Material" or "Discovery Materials").  The terms "Discovery Material" and "Discovery Materials" shall also include all such information, documents, and things produced in connection with this Action voluntarily, or pursuant to a rule, order, or other requirement.

3. When used in this Confidentiality Order, the word "document" shall have the meaning set forth in Local Civil Rule 26.3(c) of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), and includes copies of material encompassed by the definition of "document."

4. "Confidential Information" as used herein means any type or classification of information in any of the Discovery Materials that is designated as "Confidential" or "Attorneys' Eyes Only" in accordance with this Confidentiality Order.  When used in this Confidentiality Order, a Party that designates information as Confidential Information in connection with this Action is a "Designating Party."

5. Any Party to this Action may designate as "Confidential" any Discovery Materials that it reasonably believes contain non-public business, commercial, financial, proprietary, competitive, personal, medical, psychiatric, psychological, or otherwise personally sensitive information, the public disclosure of which is restricted by law or could, in the good faith opinion of the Designating Party, adversely affect or cause injury to a Party or Non-Party's reputation, business or business relationships with others, or contains other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law or any other agreements.  Such

Discovery Materials shall be marked as "CONFIDENTIAL" (hereinafter "Confidential"), except for Discovery Material pertaining to, or containing, Plaintiff's medical and psychiatric records, including all documents produced by third parties in response to medical releases (hereinafter "Plaintiff's medical records.") Plaintiff's medical and psychiatric record are automatically deemed Confidential Information even absent a designation of "CONFIDENTIAL."

6.   Any Party to this Action may designate as "Attorneys' Eyes Only" any Discovery Materials that counsel for the Designating Party reasonably and in good faith believes contain or reflect highly confidential information that comprises highly sensitive technical, business, commercial, financial, proprietary, or research information that has not been made public and could cause a Party to suffer competitive or other harm if publicly known or known by the non-designating Party, or agents or employees of the Parties who would have access to the Discovery Materials under this Confidentiality Order. Such Discovery Materials shall be marked as "ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only").

7.   Confidential Information shall not be used or disclosed for any purpose other than for the prosecution, defense, appeal, or settlement of this Action.

8.   Production of any Discovery Materials without a designation of Confidential or Attorneys' Eyes Only shall not be deemed a waiver of any Party's claim of confidentiality as to such matter. The initial failure to designate Discovery Materials in accordance with this Confidentiality Order shall not preclude any Party, at a later date, from designating such materials Confidential or Attorneys' Eyes Only. If any Party to this Action realizes that some portion(s) of Discovery Materials that were previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, the Party may also designate it by apprising all Parties in writing, by written notice to counsel of record, and such designated portion(s) of the

Discovery Materials will thereafter be treated as Confidential Information under the terms of this Confidentiality Order as if they had been initially designated as Confidential or Attorneys' Eyes Only.

9. The inadvertent production or disclosure of any document or communication that is subject to an attorney-client, attorney work product, or other privilege will not be deemed a waiver or forfeiture of such privilege, provided that the Party entitled to assert such privilege notifies the Parties to whom such inadvertent disclosure or production was made in writing via email upon discovery of such inadvertent disclosure. If any Party makes a claim of inadvertent disclosure of privileged or protected information, the other Parties shall a) within forty-eight (48) hours, return or destroy all copies of the inadvertently disclosed information (including all copies provided to third parties under this Confidentiality Order), and provide a certification of counsel that all such information has been returned or destroyed; or, b) within forty-eight (48) hours, object to the designation of privileged or protected information disclosed, whereupon the parties will meet and confer within a reasonable time to resolve such dispute(s).

10. The disclosure of Confidential or Attorneys' Eyes Only Discovery Materials covered by this Confidentiality Order, whether pursuant to compelled discovery or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information.

11. If any person or entity covered by this Confidentiality Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide material covered by this Confidentiality Order, and such subpoena, document demand, or request seeks material which was produced or designated as Confidential or Attorneys' Eyes Only by

any Designating Party, the person or entity receiving the subpoena, document demand or request shall give written notice immediately (no more than two (2) business days after receipt) to all counsel of record and shall, to the extent permitted by law, withhold production of the material until any dispute relating to the production of such material is resolved.

13. Any Party objecting to the designation of any information as Confidential or Attorneys' Eyes Only must give counsel for the Designating Party written notice of the objection and its reasons for the objection, and the Parties shall attempt in good faith to resolve their differences. Failing resolution, the Parties may challenge the designation in accordance with the Local Rules and this Court's individual practices. Until the Court rules on the dispute, the Discovery Material shall be treated as designated.

14. The ~~undersigned~~ parties will treat Discovery Materials that are designated by a third party as Confidential or Attorneys' Eyes Only in accordance with the terms and conditions of this Confidentiality Order regardless of whether the third party is or becomes a signatory to this Confidentiality Order.

12. In the case of depositions, designation of the transcript or the portions of the transcript that contains Confidential or Attorneys' Eyes Only Discovery Materials shall be made by a statement to such effect, on the record, during the course of the deposition, or by a statement in writing sent to all counsel of record within a reasonable time after receipt of the transcript of such deposition, and, unless a dispute arises as to the nature of the designation, the court reporter will be directed to affix a Confidential or Attorneys' Eyes Only designation to such portions. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition (or thereafter in writing) without further order of the Court.

5

15. With the exception of Plaintiff's medical records, Discovery Material designated as Confidential shall only be disclosed to:

    a) Counsel of record for the Parties in this Action, including legal assistants, secretaries or other support staff of such counsel assigned to assist such counsel, and solely for the purposes of this Action;

    b) The Parties themselves. Except for Plaintiff's medical records, Defendant may disclose Confidential Information to Defendant's employees, officers and in-house counsel, to whom, in the good faith opinion of counsel of record for Defendant, it is reasonably necessary that Confidential Information be shown solely for the purposes of this Action;

    c) The Court and its staff as well as any mediators or other Court-appointed personnel;

    d) Court reporters and videographers;

    e) Experts, consultants, and other third parties expressly retained or employed by counsel for the Parties to assist in this Action, provided such third parties are first given a copy of this Confidentiality Order and shall agree in writing to be bound by the terms of this Confidentiality Order. Each such individual shall sign a document in the form attached hereto as Exhibit A;

    f) Any potential witnesses who may testify at any deposition or trial in this Action, or in preparation for such testimony, provided such potential witnesses are first given a copy of this Confidentiality Order and shall agree in writing to be bound by the terms of this Confidentiality

Stipulation. Each such individual shall sign a document in the form attached hereto as Exhibit A;

    g)    The author(s) or recipient(s) of the Discovery Material; and

    h)    Any other person agreed to by the Parties in writing;

16. Plaintiff's medical records may only be disclosed to Counsel of record for the Parties, and other persons if counsel for Plaintiff agrees in advance in writing, or as ordered by the Court.

17. The Parties shall attempt in good faith to agree upon the use of Discovery Material in motion practice, including references to information gleaned from Discovery Material. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

18. Discovery Material produced and marked as Attorneys' Eyes Only may be disclosed only to the Parties' outside counsel. Discovery Material produced and marked as Attorneys' Eyes Only may only be disclosed to other persons if counsel for the Designating Party agrees in advance in writing or as Ordered by the Court.

19. Nothing contained in this Confidentiality Order shall preclude any Party from using documents that it originally created, owned, or otherwise generated, or information gleaned from such documents, in any manner it sees fit, without prior consent of any other Party or the Court.

20. All Confidential Information produced during the litigation, and all copies, digests, or summaries made thereof, shall be retained in strict confidence by the receiving Party and stored securely on a protected drive or server. Access shall be limited to counsel of record. Upon request, the retaining Party shall certify the security and confidentiality of the retained materials.

21. The confidentiality obligations imposed by this Confidentiality Order, and this Court's jurisdiction over disputes relating to this Confidentiality Order, shall survive termination of this Action, and shall remain in full force and effect unless otherwise expressly ordered by the Court or by the written stipulation of the Parties filed with the Court.

22. Nothing in this Confidentiality Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the Parties or any nonparty to assert any applicable privilege.

23. This Confidentiality Order shall not prevent a Party from applying to the Court for further or additional confidentiality or protective orders.

24. Nothing in this Confidentiality Order shall be deemed to limit, prejudice, or waive any right of any Party, third party, person, or entity: (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which the Party disclosing the material claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Confidentiality Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part, as Confidential Information governed by this Confidentiality Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

Dated:  New York, New York
        September 24, 2025

| **LAW OFFICES OF IAN WALLACE, PLLC** | **PROSKAUER ROSE LLP** |
|---|---|
| By: /s/ Ian F. Wallace | By: */s/ Patrick J. Lamparello* |
| Ian F. Wallace | Patrick J. Lamparello |
| 347 Fifth Avenue, Ste 1402-497<br>New York, New York 10016<br>(212) 661-5306<br>ifw@wallacelaw-ny.com | Eleven Times Square<br>New York, New York 10036<br>(212) 969-3000<br>plamparello@proskauer.com<br>arosenblum@proskauer.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOFFREY ADAMSON,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>EMIGRANT SAVINGS BANK,<br><br>　　　　　　Defendant. | 1:24-cv-6524-LGS |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

　　　　The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such materials to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Title: _____

Date: _____　　　_____

　　　　　　　　　　　　　　　　　　　　Signature

1